WILLIAM F. SWEESEY, PLAINTIFF IN ERROR, v. ANNIE
M. DURNALL, DEFENDANT IN ERROR.

1. **Landlord and Tenant:** SPECIAL FACTS: INSTRUCTIONS
   TO JURY. Plaintiff in error, through his agent, leased to de-
   fendant in error certain residence property in the city of O.,
   without reserving the building known as the barn and coal shed
   standing upon the same lot with the house, at an agreed rent, to
   be paid monthly, but for no definite length of time. Soon after
   defendant in error took possession she was notified by plaintiff
   in error that the agent was not authorized to lease the building
   with the other property, but he did not terminate the contract,
   defendant in error insisting that the building was included in
   the lease. Defendant in error occupied the premises for nearly
   four years. During a part of this time she occupied said build-
   ing and leased it to other tenants, receiving the rent therefor.
   During another part of the term, plaintiff occupied it, for which
   he paid rent to defendant in error, in the form of a deduction
   from the monthly rent. During another portion of the time,
   he occupied the building but paid no rent therefor. The rent
   was paid monthly, during the whole term, by defendant in
   error. In an action brought by her to recover rent for its use
   during the time it was occupied by plaintiff in error, and not
   paid for, the jury were instructed by the trial court that, in
   ascertaining what the contract and agreement was at the time
   the lease was made, it was proper for them to consider all that
   took place at the time the contract was entered into and subse-
   quent thereto. And that, if the jury found that, at the time
   the lease was made, defendant in error was to have the use of
   the entire premises, including the barn, plaintiff in error would
   be liable for a fair and reasonable rental therefor, during the
   time it was occupied by him, for which no payment had been
   made. *Held*, Correct.

2. ———: ———: ———. Plaintiff in error requested an instruc-
   tion to the effect that, by the payment of the rent, defendant
   would be estopped from making any claims for the use and
   occupation of the barn, unless there was some agreement or
   promise to pay the same. *Held*, That the instruction asked for
   was rightly refused.

ERROR to the district court for Douglas county. Tried
below before WAKELEY, J.

*W. J. Connell,* for plaintiff in error.

*A. N. Ferguson* and *J. T. Moriarty,* for defendant in error.

REESE, CH. J.

This case is from the district court of Douglas county, where it was tried upon an appeal from an inferior court.

The action was for rent for the use of certain stables and sheds situated on premises occupied by defendant in error, and leased from plaintiff in error. It is alleged that the amount due defendant in error was $110; that from this there should be deducted the sum of $35, which was admitted to be due plaintiff in error for one month's rent of the premises, of which the stables and sheds constituted a part, leaving due defendant in error the sum of $75.

The answer of plaintiff in error consisted of a denial of the allegations of the petition, and a presentation of a counter-claim for the sum of $43.15, for unpaid rent.

The reply denied all the allegations of the answer, except as to the item of $35, which was conceded to be due plaintiff in error.

The cause was tried to a jury, which resulted in the returning of a verdict in favor of defendant in error for the sum of $81.09, including interest.

Upon examination of the evidence, we find there was sufficient to sustain a finding of the jury of the following facts: That prior to the occupancy of the premises by defendant in error, she went to the residence of plaintiff in error for the purpose of renting the property. Plaintiff in error was not at home, but defendant was informed by his wife that the property was for rent, at a monthly rental of $35. It was finally agreed that the price should by $32.50, and defendant in error became the tenant of plaintiff in error. Defendant in error took possession of the property, which

consisted of a house, certain out-buildings, and the barn and coal shed in question. Some time after possession was taken by defendant in error, plaintiff in error returned home, when he claimed that he had instructed his wife to reserve the barn and coal shed, in case she rented the property. The barn and coal shed not having been mentioned at the time of the making of the contract, defendant in error insisted that she had leased the whole premises. She remained in possession nearly four years, paying the rent demanded monthly. During part of the time, plaintiff in error occupied the barn as a shelter for his carriage and buggy, and for his horses, for which he allowed defendant $2.50 per month. During another part of the time, he did not occupy the barn or coal shed, but it was occupied by a tenant of defendant in error, to whom she had leased it. The remainder of the time, it was occupied by plaintiff in error, but without any compensation being allowed to defendant in error, in the way of deduction of rent, or otherwise. This action was brought to recover the value of the use of the property during this period of time. Upon the trial the court gave the following instructions to the jury:

"1. The plaintiff seeks to recover of defendant for the use of a barn and shed, situated, as she alleges, on premises occupied by her, on Farnam street in this city.

"2. The defense is, that the barn and shed were not a part of the premises occupied by the plaintiff, but were on a lot belonging to defendant, a part of which, including the house thereon, and only that part, the defendant had rented to plaintiff, reserving to himself the barn and shed.

"3. It is a question of fact for you to determine, from all that was said and done by the parties (including Mrs. Sweesey, as agent for the defendant), whether, by their agreement and understanding, the verbal lease did or did not include the barn and shed. And in determining this, you may consider all that took place between them at the original agreement, and subsequently.

"4. If you find that by such agreement and understanding, Mrs. Durnall was to have the use and occupation of the entire premises, including the barn and shed, then the defendant had no right to the free use thereof without the plaintiff's consent; and without her consent to such free use he would be liable to her for the fair and reasonable value thereof. If you find otherwise, and that defendant rightfully used and occupied the barn as a part of the premises reserved to himself, or had the free use thereof by plaintiff's consent, you must find for the defendant.

"5. The defendant pleads a counter-claim for rent unpaid. This claim is admitted upon the trial. If you find for plaintiff in an amount exceeding this claim, you will deduct it, and find for plaintiff the balance. If you find against the plaintiff's claim, you will find for defendant in the amount of unpaid rent. You will add interest on the amount found due to either party to the first day of this term, at 7 per cent per annum, from the time when occupation of the premises" [ceased?]

Plaintiff in error presented, and asked the court to give, the following instruction, which was refused:

"The jury are instructed that Mrs. Durnall, after learning that Mr. Sweesey claimed that the barn was not included with the premises rented, had the right, at the end of any month, to vacate the premises, and if she did not avail herself of this right, but continued to occupy the premises and pay rent, she would thereafter be estopped from making and maintaining any claim for the use and occupancy of said barn, unless there was some agreement or promise to pay, discount, or allow something for such use and occupation."

It is insisted that the court erred in giving the second, third, fourth, and fifth instructions asked by plaintiff in error. No exceptions were taken to the instructions given by the court upon its own motion, and the giving of them cannot now be assigned as error. But we have copied

Sweesey v. Durnall.

them into this opinion, for the purpose of showing the directions given to the jury by them.

By the third instruction, the whole case was properly submitted to the jury, as to the agreement made, at the time the lease was entered into, and the jury was instructed that, in determining what the agreement was, they might consider all that took place between the parties, not only at the time the agreement was made, but at all times thereafter.

It is true that, when defendant in error learned that plaintiff in error claimed that the barn was not included with the premises rented, she had the right at the end of any month to vacate the premises, but it is equally true that plaintiff in error had the right to terminate the lease at any time, when he was informed that defendant in error claimed the possession of the barn. This right was not exercised by either party, and we cannot see how, as a matter of law, such action can work an estoppel upon either. It would have been as competent for defendant in error to insist upon an estoppel, as against plaintiff in error, by reason of his having allowed to her compensation any part of the time the barn was used by him.

The whole question as to the conduct of the parties during the occupancy of the premises by defendant in error, and the conclusions to be reached from such conduct, as bearing upon the original contract, was for the jury to determine. That question was properly submitted to them by the instructions of the court.

The testimony was conflicting upon many of the questions submitted to the jury. Its weight was for them to determine. Not only is the verdict sustained by sufficient evidence upon questions of fact, but the preponderance seems to be with defendant in error.

The effect of the course pursued by defendant in error, in the payment of rent, upon her right to recover, would be one for the consideration of the jury, under all

the circumstances of the case. It could not work an estoppel.

We find no error in the record, and the judgment of the district court is affirmed. .

JUDGMENT AFFIRMED.

THE other judges concur.